IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE DEVENSHIRE SR., ) | |
| ) | Civil Action No. 15-1026 |
| Plaintiff, ) | |
| ) | Judge David S. Cercone |
| vs. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| C. GUS KWIDIS and BEAVER ) | |
| COURT HOUSE ) | |
| ) | Re: ECF No. 13 |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants at ECF No. 13 be granted.

II. **REPORT**

    A. FACTS

Plaintiff Lawrence Devenshire Sr. ("Plaintiff") was held in contempt of court by the Honorable C. Gus Kwidis ("Defendant Kwidis") at the Beaver County Courthouse ("Defendant Courthouse") (collectively "Defendants"). (Complaint, ECF No. 5, ¶ IV (C).) At the time Defendant Kwidis held the Plaintiff in contempt of court, the Plaintiff did not have an attorney present. (Complaint, ECF No. 5, ¶ IV (C).) Plaintiff avers as follows:

> Judge Gus Kwidis. He put me in jail [without] [] an attorney at my
> hearing. And he held me in contempt of court on 4 cases that is
> [sic] termunated [sic]. I told him he couldn't do that. Judge
> Kwidis told me in open court that he is a judge and he can do what
> ever [sic] he wants to do! Can u [sic] beleave [sic] that.

(Complaint, ECF No. 5, ¶ IV(C).) As a result of Defendant Kwidis' decision to hold Plaintiff in contempt of court, the Plaintiff was sent to the Beaver County Jail. (Complaint, ECF No. 5, ¶ I.)

Following the hearing, Plaintiff alleges he attempted to file a civil complaint but "forms" for civil cases were not available. (Complaint, ECF No. 5, ¶ V(F)(2).) Plaintiff also alleges that he contacted the public defender's office and was told it only handles criminal matters. (Complaint, ECF No. 5, ¶ V(D).) Based on these allegations, Plaintiff alleges that his "constitutional right to legal counsel" has been violated because he has not been provided with an attorney for his civil case. (Complaint, ECF No. 5 ¶ VI). Plaintiff requests that the Court pass "some kind of laws for the courts to follow." (Complaint, ECF No. 5 ¶ VI). He also requests that "forms" be provided for the filing of civil claims, and that he be awarded monetary relief. (Complaint, ECF No. 5, ¶ VI).

On September 1, 2015, Plaintiff filed his Complaint in this Court against Defendant Kwidis and Defendant Courthouse. (ECF No. 5.) Thereafter, on November 17, 2015, Defendant Kwidis and Defendant Courthouse jointly filed a Motion to Dismiss Plaintiff's Complaint and a Brief in Support of the Motion to Dismiss. (ECF No. 13-14.) Plaintiff has failed to file a response to Defendants' Brief in Support of the Motion to Dismiss. Plaintiff did not meet the original deadline to file his response by January 26, 2016. Several months after the deadline, via a telephone conference, this Court asked Plaintiff if he intended to file a response to Defendants' Brief. The Plaintiff claimed that he had not received the Defendants' Motion to Dismiss. Thereafter the Court set a new deadline for the Plaintiff's response. (ECF No. 16.) However, Plaintiff again failed to file his response by the new deadline, which was May 31, 2016.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's entire Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

B. LEGAL STANDARD

**Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or a factual challenge to the court's subject matter jurisdiction. *Patsakis v. Greek Orthodox Archdiocese of America*, 339 F. Supp. 2d 689, 692 (W.D. Pa. 2004) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In the case at bar, Defendants appear to be making a facial challenge, as evidenced by their Brief in Support of the Motion to Dismiss, as well as the fact that they have not produced any affidavits or evidence to disprove any of Plaintiff's factual allegations regarding jurisdiction. In a facial attack, which is usually made before an answer is filed or the factual allegations of the complaint are otherwise contested, the moving party is arguing that the claim, on its face, is insufficient to invoke the subject matter jurisdiction of the court. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). In other words, "a facial attack requires the district court to apply the same standard of review it would employ in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996).

**Motion to Dismiss Pursuant to Rule 12(b)(6)**

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a plausible claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that *Fowler [v. UPMC Shadyside*, 578 F.3d [203,] [] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Association of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

**Pro Se Complaints**

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings and, in particular, pro se complaints, are to be liberally construed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the Court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name"). Indeed, a pro se complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

C. ANALYSIS

**SUBJECT MATTER JURISDICTION**

ELEVENTH AMENDMENT IMMUNITY – DEFENDANT KWIDIS

Defendants argue that Defendant Kwidis, in his official capacity, is entitled to Eleventh Amendment Immunity because Defendant Kwidis is a judicial officer of the Court of Common Pleas of Beaver County Pennsylvania, which is an entity of the Unified Judicial System of Pennsylvania under 42 PA. CONS. STAT. § 301(4). (ECF No. 14 at 3.)

"Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Pursuant to Pennsylvania law, Pennsylvania state courts and their judges are part of the Commonwealth government. 42 PA. CONS. STAT. § 102. Under the Eleventh Amendment, suits against state officials in federal court are barred. U.S. CONST. amend. XI. Furthermore, Eleventh Amendment immunity applies unless the State expressly waives the immunity, 1 PA. CONS. STAT. § 2310, or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The United States Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Graham*, 473 U.S. at 169 n. 17 (citing *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 651 (1974)). In addition, none of the factual allegations in Plaintiff's Complaint indicate or suggest that the Pennsylvania state courts and their judges consented to be sued by Plaintiff, a private party, in federal court.

Here, Defendants' Motion to Dismiss regarding subject matter jurisdiction should be granted. As a state official, Defendant Kwidis may not be sued in his official capacity in a federal forum because he is protected by Eleventh Amendment immunity. Therefore, the Court

recommends that Defendants' Motion to Dismiss Plaintiff's claim against Defendant Kwidis pursuant to the Eleventh Amendment be granted.

## **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

SECTION 1983 CLAIMS AGAINST DEFENDANT COURTHOUSE

Due to the lack of specificity in Plaintiff's complaint, Defendants assert that Plaintiff appears to bring this civil action alleging the deprivation of his rights under 42 U.S.C. § 1983. (ECF No. 14 at 2.) Defendants argue that § 1983 expressly requires that a "person" commit the alleged civil rights violation. (ECF No. 14 at 2.) Furthermore, Defendants assert that a state defendant sued, in his or her official capacity, is not a "person" under § 1983. (ECF No. 14 at 2.) More specifically, Defendants argue that judicial entities may not be sued under § 1983 because they are state officials and not "persons." (ECF No. 14 at 2.) Therefore, according to Defendants, a suit against Defendant Courthouse amounts to a suit against the Beaver County Court of Common Pleas, which is part of the Unified Judicial System of Pennsylvania, making Defendant Courthouse a state entity and not a "person" under § 1983. (ECF No. 14 at 2-3.)

Defendants are correct that Defendant Courthouse, as a state entity, is not a "person" under § 1983, and therefore may not be sued thereunder. In *Will v. Michigan Dept. of State Police*, the United States Supreme Court explained that § 1983 does not provide litigants with a federal forum to seek a remedy against a State for deprivation of civil liberties. 491 U.S. 58, 66 (1989). Because a State is not a "person" pursuant to § 1983, the Court recommends that Defendants' Motion to Dismiss Plaintiff's complaint against Defendant Courthouse be granted.[1]

---

[1] Of course, like the claims against Defendant Kwidis in his official capacity, Defendant Courthouse is also protected by Eleventh Amendment immunity.

### JUDICIAL IMMUNITY – DEFENDANT KWIDIS

Defendants argue that Defendant Kwidis, in his individual capacity, is entitled to judicial immunity because his actions were judicial in nature and within his jurisdiction. (ECF No. 14 at 5.) Defendants argue that a judicial action consists of functions normally performed by a judge in his judicial capacity. (ECF No. 14 at 4.) Moreover, Defendants assert that the courts of common pleas in Pennsylvania have unlimited original jurisdiction unless otherwise provided by statute. (ECF No. 14 at 4.)

The Supreme Court of the United States has held that judicial immunity may be defeated in only two instances. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, judicial immunity does not apply when a judge's actions are non-judicial in nature. *Id*. Second, judicial immunity does not apply when the judge acts without jurisdiction over the matter. *Id*. Here, Defendant Kwidis held Plaintiff in contempt of court on four prior cases. (Complaint, ECF No. 5, ¶ IV(C).) Furthermore, Defendant Kwidis presided over Plaintiff in the Court of Common Pleas of Beaver County when holding him in contempt of court. (Complaint, ECF No. 5, ¶ I.) Pursuant to Pennsylvania law, the courts of common pleas have unlimited original jurisdiction, except when exclusive original jurisdiction exists in another court. 42 PA. CONS. STAT. § 931(a). Consequently, Defendant Kwidis was acting within his jurisdiction when he held Plaintiff in contempt of court. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claims against Defendant Kwidis in his individual capacity be granted because he is entitled to judicial immunity.

### RIGHT TO COUNSEL

Defendants argue Plaintiff is not entitled to counsel in this civil case. (ECF No. 14 at 5.) Moreover, Defendants concede that courts may appoint counsel in civil cases, however, such

7

factors as indigence and complexity may need to exist before a party is appointed an attorney in a civil case. (ECF No. 14 at 5.)

Under the Sixth Amendment of the United States Constitution the right to assistance of counsel only applies in criminal cases. U.S. CONST. amend. VI. *See Gideon v. Wainwright*, 372 U.S. 335, 339 (1963) (reiterating that in all criminal prosecutions, the accused shall enjoy the right to counsel).

Therefore, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's claim for violation of his Sixth Amendment right to counsel be granted.

SEPARATION OF POWERS

Finally, Defendants argue that Plaintiff's request for the Court to "impose some kind of laws for the courts to follow" should be dismissed because the Court is unable to create or pass laws. (ECF No. 14 at 5-6.)

Pursuant to Article I of the United States Constitution, all legislative powers are reserved for Congress. U.S. CONST. art. I § 1. Therefore, the judicial branch does not have the power to create new laws. The Court recommends that the District Court grant Defendants' Motion to Dismiss because Plaintiff's request for relief is legislative in nature.

D. **CONCLUSION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants at ECF No. 13 be granted. After a careful reading of the averments of the Complaint, it is clear that any further attempt by Plaintiff to amend any of his claims would be futile as a matter of law.[2]

---

[2] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 28, 2016

BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Lawrence Devenshire Sr.
145 Orchard Street
Aliquippa, PA 15001

All Counsel of Record
Via Electronic Mail